[No. 5937. Decided April 11, 1906.]

M. A. KUEHN, *Respondent,* v. FRED DIX, *Appellant.*[1]

NEGLIGENCE—FIRES—ADJOINING LAND OWNERS—FAILURE TO PREVENT SPREAD OF FIRE—EVIDENCE—SUFFICIENCY. Findings that an adjoining landowner was negligent in not taking proper precautions to prevent the spreading of a fire set out upon his land, rendering him liable for injury to his neighbor, under Bal. Code, § 3138, are sustained by evidence to the effect that he started the fire at the driest time of the year, and frequently left home, leaving no one to guard the fire or prevent its spreading.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered June 9, 1905, upon findings in favor of the plaintiff after a trial before the court without a jury, in an action to recover damages from a fire set out by an adjoining landowner. Affirmed.

*Lewis C. Jesseph,* for appellant.

*W. H. Jackson* and *S. & J. W. Douglas,* for respondent.

CROW, J.—This action was commenced in the superior court of Stevens county, by the respondent, M. A. Kuehn, against the appellant, Fred Dix, to recover damages sustained

1Reported in 85 Pac. 43.

by the destruction of her crops and injury to her land by fire. Respondent's land lies immediately north of, and contiguous to, that of appellant. A large portion of the appellant's and respondent's ranches consists of low bottom land, the soil being formed from decomposed roots, willows, grass, tules, and other vegetation. During a portion of the year these lands are under water, which runs off during the summer months and harvesting season, leaving the surface dry. The soil, by reason of its composition, is combustible, and when once ignited during a dry season is liable to burn below the surface, smouldering and extending from one point to another. Often it will continue to burn until it reaches water level, some distance below the surface. The burning of this soil causes permanent injury to the land.

Some time near the latter part of August, or early in September, 1904, appellant started a fire upon his own land for the purpose of burning brush. Respondent contended that appellant negligently allowed this fire to continue throughout the month of September; that about the 3d day of October a heavy wind caused it to rapidly spread over respondent's place and destroy a large amount of hay, and also injure her land; that the appellant had negligently set out said fire, and had also negligently failed to take proper precautions to prevent its spreading and damaging the respondent's land and crops.

The appellant conceded that he started the brush fire about the 1st of September, and that during that month certain other fires were upon his land. He contended, however, that the brush fire had entirely subsided; that he had successfully used all necessary precautions to prevent the spread of any other fires from his land; that all of said fires had ceased to exist prior to October, and that the fire which had spread over respondent's land came from the place of one Jarvis, and not from appellant's. The court, upon trial without a jury, made findings of fact from which it appears that the

appellant was not originally negligent in setting out the fire
upon his own land, but that he was afterwards negligent in
not taking proper precautions to prevent its spreading upon
the respondent's land; that by reason of such negligence it
did spread over her land, and that she had sustained dam-
ages. From a judgment in favor of respondent, this appeal
has been taken.

The appellant contends that the court erred in denying his
motion for a nonsuit, and in rendering judgment for re-
spondent. The appellant has presented a very exhaustive and
well prepared brief, raising numerous legal questions on the
law of fires, which we think it unnecessary to consider, as
the controlling questions before us arise entirely on issues of
fact, under the provisions of Bal. Code, § 3138, which reads
as follows:

"If any person shall for any lawful purpose kindle a fire
upon his own land, he shall do it at such time and in such
manner, and shall take such care of it to prevent it from
spreading and doing damage to other persons' property, as a
prudent and careful man would do, and if he fail so to do
he shall be liable in an action to any person suffering damage
thereby to the full amount of such damage."

Although the trial court found appellant was not negligent
in starting a fire upon his own land, still he would be liable
if he did not take such care of his fires as a prudent and
careful man would, to prevent them from spreading and doing
damage to respondent's property. He contends that he did
take all such necessary precautions, but upon this question
the evidence is conflicting. The court found him to have been
negligent in this regard. From an examination of the evi-
dence, we think this finding correct, and will not disturb it.

It appears that the appellant built his fires at a time of
the year when the land contained the very least moisture, and
during a season that was especially dry. There was evidence
tending to show that, during the month of September, while
fires were burning upon his land, he frequently left home

leaving no one to guard them, or prevent them from spreading; that on the morning of the very day when the fire spread most rapidly, and actually damaged respondent's property, appellant endeavored to divert the waters from a small stream for the purpose of flooding the land and quenching the fire, but that he again left home without leaving any one in charge, or waiting to ascertain whether his efforts had been successful, and remained away until the damage was done. There is an abundance of other evidence to sustain all the findings made.

The only questions in this case calling for any serious consideration on this appeal being issues of fact, which the court properly determined in favor of respondent, the judgment will be affirmed.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, and ROOT, JJ., concur.