[No. 6866.   Decided January 7, 1908.]

WILLIAM ULRICH *et al.*, *Respondents*, v. THOMAS H. STEPHENS, *Appellant*.[1]

FIRES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.   The evidence sustains a finding that defendants were guilty of negligence in burning a slashing during the driest time of the year where there had been no rain for two months and there was much combustible material in the neighborhood, although plaintiff's adjoining property was separated from the slashing by a creek and a strip of green timber.

SAME—DAMAGES — CONTRIBUTORY NEGLIGENCE — FINDINGS — CONSISTENCY.   A finding that plaintiff was guilty of contributory negligence in replacing in a barn, threatened by fire, movable articles taken therefrom, after they supposed the danger from fire was over, is not inconsistent with the allowance of damages for the loss of the barn and the hay therein that could not be readily removed.

APPEAL—REVIEW—FINDINGS.   A finding of a trial court upon conflicting evidence, after seeing and hearing the witnesses, while not binding, will not be disturbed unless the supreme court is well satisfied of error.

MOUNT, J., dissenting.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered April 1, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to recover damages for the destruction of a barn by fire.   Affirmed.

*Newman & Howard* and *Fred Llewellyn*, for appellant.

*Crites & Romaine* and *Fairchild & Bruce*, for respondents.

ROOT, J.—This action was brought by respondents to recover damages for loss of a barn and personal property therein by fire alleged to have been negligently set and allowed to spread by appellant.   The respondents own and occupy the southeast quarter of section 5, township 37, north, range 5 east, W. M.   Appellant has the entire north half of

[1]Reported in 93 Pac. 206.

the same quarter section, while the southwest forty thereof is owned by one William R. Stephens. Near their west line and about nine hundred feet south of the appellant's south line, was situated respondents' barn above referred to. A little west of due north of respondents' barn and just within his south line, appellant had a slashing consisting of fallen trees and brush piled in heaps, covering an area of two or three acres. Between this slashing and respondents' barn was a strip of green timber about seven hundred and fifty feet in width and a creek measuring about forty feet from water's edge to water's edge, and about eighty feet from bank to bank.

Appellant set fire to his slashing shortly before one o'clock p. m., on August 21, 1906. There had been no rain for nearly two months, and everything in that vicinity was very dry. Appellant offered testimony to the effect that, on the afternoon of August 20 and the forenoon of August 21, thunder was heard in the distance and there were appearances of rain. At the time the fire was started there was little if any wind. Later a north wind sprung up which increased in force to such an extent that sparks, embers, and particles of burning moss were carried southward across the creek and dropped upon respondents' premises, starting fires in many places, where they happened to drop upon dry stubs, logs, brush, or other combustible material. Some of these particles, coming either from the original fire or from small fires started therefrom, alighted on and around respondents' barn, and respondents, assisted by neighbors, fought against and extinguished many of these small fires that threatened the barn on this afternoon and evening. Respondents remained up a large part of that night watching and fighting the fire, but finally retired, believing that their premises were out of danger.

On the next day the fire smouldered in logs and stubs on the lands west and north of respondent's place, and several

small fires were claimed by respondents to have been extinguished by them near their barn on this day. There were a few dead snags and stubs, including one about one hundred and fifty feet tall, to the northwest about one hundred and twenty feet from respondents' barn, in which fires smouldered all day on the 22d. On the evening of that day respondents, believing that the barn was no longer in danger, replaced therein certain movable property which they had taken out when they regarded the barn in danger. Respondents retired about eleven o'clock that night, and were awakened about four in the morning by the burning of their barn. There was not very much wind at this time, and it could not be told with much certainty as to where the sparks came from that ignited the barn, if ignited thereby. The case was tried without a jury. The trial judge found that the appellant was negligent, and held him liable in damages for the value of the barn and the hay therein contained. He refused to allow a recovery for the personal property which the respondents had removed from the barn during the day and replaced on the evening before the barn burned, holding that they were guilty of contributory negligence in replacing this property in the barn under the circumstances. From the judgment entered, this appeal is prosecuted by the defendant.

The appellant claims that no negligence is established as against him; that he had a right to set the fire, and that his manner of managing it after it was set was not such as to charge him with negligence. The setting out of a fire is not in itself an act of negligence. In a country like this, where it is necessary to clear land and burn brush and stumps thereupon, it is appropriate that fires should be employed at proper times and under suitable conditions; but when we remember that this appellant started this fire at a time when there had been no rain for nearly two months, and when much of the surrounding neighborhood contained combustible material that could be readily ignited by the sparks that would natur-

ally fly from the burning of such a large amount of brush, we·cannot say that the trial court was in error in adjudging the defendant guilty of negligence.   The defendant may possibly have believed that it would soon rain, and he doubtless relied much upon the strip of green timber and ·the creek to prevent the fire spreading in the direction of respondents' premises.   He, however, knew there was no certainty of rain, and. he must have known that the burning of so much brush would tend to increase the wind and scatter sparks to a long distance from the location of the fire.   This happened, and many fires were started upon the premises of respondents and their neighbor to the westward.   These fires endangered respondents' premises on the 21st, and there were numerous places still burning or smouldering all day on the 22d.   Appellant claims that the violence of the wind was unexpected and could not reasonably have been anticipated; that he had no reason to suppose that the wind would blow hard enough to carry the sparks across the green timber and creek.   There was evidence, however, to show that many of the sparks ignited the particles of moss, stumps, and other combustible material among the green timber and burned in numerous places therein.   Having seen ·that the fire had been carried from his premises over to that of his neighbors, it was incumbent upon him to do all that could be reasonably expected of a man in such situation to prevent any injury coming·from said fires to respondents' property.   The evidence did not convince the trial court, and does not convince us, that he did so.

It is strenuously urged that the finding of the trial court that the respondents were guilty of contributory negligence in replacing in their barn on the evening of the 22d the personal property which they had theretofore removed when in fear of a fire, is inconsistent with the allowance to the respondents of damages for loss of the barn and the hay therein contained.   We do not think it is necessarily inconsistent.

Neither the barn nor the hay therein could be readily removed. As to the other property, it could be and was removed, but was replaced under conditions which the trial court did. not believe justified its return, although the danger was not so imminent as to require respondents to stay up all night watching the barn. It therefore declined to allow them any recovery for that property which would not have been destroyed had it not been so returned to the barn.

There is considerable conflict in the evidence, especially upon matters of opinion as given by the various witnesses. While the finding of the trial court or judge in a case tried without a jury does not stand as a verdict and is not to the same extent binding upon this court, yet, in the face of a conflict of evidence, this court will recognize the fact that the trial court, in being able to see and hear the witnesses personally, has advantages which this court does not have, and will not disturb the finding of the lower court unless well satisfied that it was in error. We are not so convinced in this case.

The judgment will therefore be affirmed.

FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.

MOUNT, J. (dissenting)—I think the evidence fails to show that the fire which destroyed respondents' barn originated from the fire set out by appellant, or from any negligence of appellant. I therefore dissent.