[No. 15339.    Department One.    September 3, 1919.]

SAMUEL S. LEHMAN, *Respondent,* v. MARYOTT & SPENCER LOGGING COMPANY, *Appellant.*[1]

NEGLIGENCE (3)—FIRES—LIABILITY—CARE TO PREVENT SPREADING. Liability for starting a fire on one's own land, which spread to adjoining property, must be based on negligence, *i. e.,* failure to act as a reasonably prudent person would under like circumstances.

SAME (3, 38)—FIRES — FAILURE TO CONTROL — EVIDENCE — SUFFICIENCY. There is no evidence to justify a finding of negligence by a logging company in burning a camp-site under direction of a Federal forest ranger, where for two or three days there had been no fire except a smouldering root near the center of the camp which could not be extinguished, and an experienced watchman was left and visited the property hourly prior to the fire and discovered it soon after it broke out, and it could not be checked because of an unusual wind.

SAME (3, 15) — FIRES — PROXIMATE AND INTERVENING CAUSE. A strong wind but for which no loss would have occurred, and which arose some days after a logging company had burned a camp-site and extinguished all fire except a smouldering root, is an intervening cause which relieves from responsibility for the original fire, even if defendant had been guilty of negligence.

[1]Reported in 184 Pac. 323.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 23, 1918, upon the. verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*George H. Walker* and *Robert B. Walkinshaw,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for loss of property destroyed by fire. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff. The defendant interposed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which were overruled. Judgment was entered upon the verdict, and the defendant appeals.

The respondent is the owner of a small ranch on the north bank of the Dosewallips river, about six miles west of Brinnon, in Jefferson county. On this ranch there were some small buildings and other articles of property. The Maryott & Spencer Logging Company, the appellant, was engaged in logging operations on the south side of the Dosewallips river and near the respondent's ranch. The appellant desiring to change the location of its logging camp, sometime prior to the 28th day of May, 1918, felled and bucked the timber on a tract of land on the south side of the river for a distance of about seven hundred feet running along the river and extending back about three hundred and fifty feet. This tract of land was across the river from the respondent's property and a little to the west. The river at this place is approximately one hundred feet wide. The tract of land referred to was in the Olympic National Forest Reserve. On the 28th day of May, 1918, the timber upon the camp site,

having been previously cut and prepared, was burned under the direction and supervision of a Federal forest ranger who was acting in the line of his duty.

Prior to the firing, a fire trail had been made around the tract to be burned. As is common in such cases, the fire continued to burn in various places over the tract until on the 4th day of June, when it escaped to the adjoining property, and after burning over six or seven acres, was put under control and spread no farther. On the 7th day of June there was no fire, either on the original tract fired or that to which it had escaped on the 4th of June, except one smouldering root in about the center of the proposed camp site. This was burning under ground and was so situated that it could not be extinguished. The fire was beneath the surface and a little smoke was coming therefrom. All the debris over the tract had previously been consumed by the fire. On this date some dirt was thrown over the smouldering root. Conditions remained the same until Sunday afternoon, June 9th, when a fire occurred which destroyed the respondent's property, for which he seeks recovery. The fire also destroyed a large amount of property owned by the appellant.

During the forenoon of the 9th, the wind arose and increased in velocity until about two or three o'clock in the afternoon, when it was blowing what is referred to as a gale. At about the time the fire started, the wind was not blowing consistently in one direction, but was whirling to some extent. On Sunday the watchman was on duty, a man of many years' experience in the woods. He visited the camp site between nine and ten o'clock in the morning, and at that time there was smoke only from the one smouldering root above referred to. He visited the site every hour

11—108 WASH.

.thereafter, and when he was returning to it, between two and three o'clock in the afternoon, he observed a couple of "little fires on the hill above the camp site." He started for the logging camp to get help, but owing to the wind prevailing at that time, the fire spread rapidly and did a great amount of damage. The facts above stated are supported by evidence not in conflict.

The first question is whether the appellant was negligent in looking after the fire after it had been started, and particularly on the 9th of June. The rule in such cases is that one starting a fire on his own land is required to exercise reasonable care to prevent it from spreading to a neighbor's land. If, in this regard, he acts as a reasonably prudent person would have acted under like or similar circumstances, he is not guilty of negligence. On the other hand, if he fails to so act, he has not exercised that degree of care which the law requires of him and would be chargeable with negligence. Liability must be predicated upon negligence. *Kuehn v. Dix*, 42 Wash. 532, 85 Pac. 43; *Sandberg v. Cavanaugh Timber Co.*, 95 Wash. 556, 164 Pac. 200.

Applying the rule stated to the present case, we think there is no evidence to justify a finding of negligence on the part of the appellant. For two or three days prior to the 9th of June, there had been no fire except the smouldering root. This was near the center of the camp site, and the debris thereon had been previously burned. A watchman had been left in charge, who visited the property hourly on Sunday prior to the fire and discovered it soon after it broke out. At this time the condition of the wind was such that the fire spread with great rapidity. Under the circumstances, the appellant exercised ordinary care. to prevent the spreading of the fire. It was as vitally interested in seeing that the fire did not escape as was any other person, if not more so. It was not reason-

ably to be anticipated that the wind would cause the fire from the smouldering root to escape and do damage, assuming that it came from this source. There is no evidence of any other fire upon the tract at that time or for some days previous.

Assuming, however, that the appellant did not exercise the required degree of care, it does not follow that the respondent can prevail. If the appellant were negligent and a new cause intervenes which of itself is sufficient to stand as the cause of the misfortune, the first act is considered too remote to sustain a recovery. In *Stephens v. Mutual Lumber Co.*, 103 Wash. 1, 173 Pac. 1031, upon this question, it was said:

"One who loses property by fire is governed by the established rules of law, and recurring to first principles, if subsequent to the act of the party charged, whether it be rightful in its inception, or wrongful in the sense that it is negligent, a new cause intervenes which of itself is sufficient to stand as the cause of the misfortune, the first act is considered as too remote to sustain a recovery. In logging operations and in the clearing of new lands, it is necessary to build fires and to destroy waste. This cannot be done without a certain hazard to other property, but the law does not, for that reason, deny the right to maintain fires in the prosecution of legitimate business, nor will it charge one with negligence who fails to put out a fire which is not threatening, when such fire, by reason of some new cause, lodges on the property of another or goes beyond the control of the person who set it out."

In this case it is apparent that no fire would have occurred, and no loss would have resulted from the fire, had it not been for the unusual condition of the wind. A strong wind which arises while a fire is in progress and carries it where it would not otherwise have spread is an intervening cause which will relieve

the party responsible for the original fire from liability for loss. In Thompson's Commentaries on the Law of Negligence, vol. 1, § 126, the rule is so stated:

"A strong wind which arises while a fire is in progress and carries it where it could not otherwise have spread, and there destroys property, is an intervening cause which will relieve the party responsible for the original fire from liability for the loss of such property, under principles already explained."

Considerable discussion is found in the briefs under the question of when the wind, being considered as the "act of God," will relieve from liability and when it will not. The rule on this question is well stated in Thompson's Commentaries on the Law of Negligence, vol. 1, § 72, as follows:

"The rule under this head can well be said to be that 'when the act of God is the cause of loss, it is not enough to show that the defendant has been guilty of negligence; the case must go further and show that such negligence was an active agent in bringing about the loss, without which agency the loss would not have occurred.' "

The evidence in the present case fails to show that, even though the appellant was negligent in looking after the fire, such negligence was the active agent in bringing about the loss, and without which agency the loss would not have occurred.

The unconflicting evidence in this case can lead to but one conclusion, which is that the active agent in producing the loss for which this action was brought was the violence of the wind, without which it would not have occurred. This, as stated in *Stephens v. Mutual Lumber Co., supra,* was an intervening new cause "which of itself" was sufficient to stand as the cause of the misfortune.

The case of *Jordan v. Welch,* 61 Wash. 569, 112 Pac. 656, is different in its facts and, therefore, distinguish-

able. In that case, railroad contractors in construction work permitted sparks or live coals from an engine operating a steam shovel to fall upon the right of way and allowed the fire to spread to an adjoining meadow, during the dry season, and took no precautions against the communication of the fire to the adjoining lands. In other words, they permitted the sparks and live coals to fall upon dry grass in the right of way without exercising any care to prevent it from spreading to adjoining lands.

The case of *New Brunswick S. & C. T. Co. v. Tiers,* 24 N. J. L. 697, and the case of *Merritt v. Earle,* 29 N. Y. 115, 86 Am. Dec. 292, are both cases where property was lost or destroyed while in the possession of a carrier. The rule of liability of a carrier in such cases being that of an insurer and not that of ordinary care, those cases are inapplicable here.

The judgment will be reversed, and the cause remanded with a direction to the superior court to dismiss the action.

HOLCOMB, C. J., MACKINTOSH, and MITCHELL, JJ., concur.