[No. 17981. Department One. August 28, 1923.]

W. M. BURNETT, *Respondent*, v. H. L. NEWCOMB *et al.*, *Appellants.*[1]

NEGLIGENCE (3)—FIRES—LIABILITY—STATUTES—CONSTRUCTION. One setting fire on his own land to destroy noxious weeds, owes the duty, under Rem. Comp. Stat., § 5647, to exercise care in controlling it, and is negligent where he set out a fire in a dry time and left it without putting it out or doing anything to prevent its spreading the next day.

SAME (3, 38)—FIRES—NEGLIGENCE—EVIDENCE—SUFFICIENCY. In such a case, the fact that a wind sprang up the next day and fanned the fire into life, is not an intermediate cause which would excuse the defendant for not making any attempt to watch.

DAMAGES (92-1)—EXCESSIVE DAMAGES—INJURY TO REAL PROPERTY. A recovery of $500 for damages to timber by fire is not excessive on the theory that the owner did nothing to reduce his damage, where there was undisputed testimony that the land was worth $500 less after the fire, and that the fire was burning in the timber before the owner knew of it, and nothing could be done to extinguish it.

MACKINTOSH, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 27, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*H. W. Twomey*, for appellants.

*D. R. Glasgow*, for respondent.

[1]Reported in 217 Pac. 1017.

Holcomb, J.—Upon a trial to the court and a jury a verdict was rendered in favor of respondent for $500 damages, alleged to have been caused by a fire carelessly and negligently set out by one of the appellants on his own land. This award was allowed by the court to stand, after a motion for a new trial had been denied, and judgment rendered thereon. The trial court, in passing upon the motion for a new trial, tersely stated that it was denied upon the ground that setting a fire on July 17, in the middle of the summer was negligence, and the fire burning plaintiff's property showed carelessness.

The complaint alleged that appellant Newcomb set out a fire on his own land on July 17, 1922, and that he afterwards failed and neglected to care for, or extinguish the fire, whereby timber, firewood, lumber and fencing of the aggregate value of $908 situated on respondent's land, were destroyed. The answer puts in issue the origin of the fire that destroyed the property, the value of the property, and damages.

Appellant testified to having started the fire on his own property for the purpose of burning noxious weeds, justifying himself under the statute providing that "noxious weeds should be cut down or otherwise destroyed as often in each year as necessary to be certain to prevent them from going to seed."

And also upon the statute:

"Negligent fires on one's own land communicated. If any person shall for any lawful purpose kindle a fire upon his own land, he shall do so at such time and in such manner, and shall take such care of it to prevent it from spreading and doing damage to other person's property, as a prudent and careful man would do, and if he fails so to do he shall be liable in an action on the case, to any person suffering damage thereby to

the full amount of such damage." Pierce's Code, § 9131-41 (Rem. Comp. Stat., § 5647).

Appellant contends that, assuming that this fire caused the damage, the only testimony in regard to it is: that it was set to destroy noxious weeds, to prevent them from going to seed, which was a lawful purpose; that it was on his own land, which complies with the second provision of the statute; that it was set in the early morning of July 16, 1922, a still day, no wind blowing; that it was set on a narrow, rock-strewn area on the west side of a field of standing wheat, and on the east side of a lane dividing the wheat field from a field of standing rye, and about midway north and south of the land, which complies with the provisions of the statute in regard to setting out fires.

Appellant apparently overlooks that provision of the statute which requires that one setting out such a fire for such lawful purpose shall take such care of it to prevent it from spreading or doing damage to another person's property as a careful and prudent man would do, and if he fails to do so he shall be liable, etc. This, according to the evidence of respondent, he did not do. On the contrary, he set the fire out and after, as he says, putting the remnant of it out, by throwing dirt upon it, he left it and went to his home some miles distant. On the next day, the wind began to blow, which apparently fanned the fire to life, and finding inflammable material, it burned into his rye field across the twelve or fourteen foot lane, which rye field being dry burned and the fire progressed southward and westward under a northerly wind through respondent's land. Both the origin of the fire and its course after it was over were traced as above stated. The fact that it was a dry time of the year, and that no rain had fallen for more than three months as testified,

made the question of negligence under the evidence in this case one to be determined by the jury.    There was, therefore no error in overruling appellant's challenge to the sufficiency of the evidence, in denying a directed verdict for appellant, nor in denying appellant's motion for judgment notwithstanding the verdict.

Another contention by appellant is that it is not shown that this fire caused the damage.    There is some attempt on the part of appellant to show that another fire had burned in the timber tract to the north of the rye field through which this fire first burned, starting at a road known as the "Spokane Road," progressing southerly and scorching only the north sides of the trees on appellant's own land in the same quarter section.    But there is no evidence of any fire burning at that time over that area, and there is evidence, both by witnesses for the appellant and for respondent, that, when the fire in question was seen progressing on the 17th, it had burned westward to about the middle of respondent's tract of timber, about three hundred yards south of the Spokane road, and there was no sign of fire near the road.    Hence the signs of fire that appellant testified to must have been a fire that occurred at some other time.

It is then contended that the evidence further shows that, after the fire was started, assuming that appellant was negligent and the fire that he had set was the proximate cause of the damage, a strong wind arose injecting an intermediate cause into the matter. This, it is contended, brings the case within our decision in *Lehman v. Maryott & Spencer Logging Co.,* 108 Wash. 319, 184 Pac. 323, and other like cases cited.

In the *Lehman* case cited, there was a strong "gale of wind" blowing.    A watchman visited the site of

the fire every hour; the fire was set out under the direction and authority of a deputy forest ranger; a river about one hundred feet in width separated the site of the fire from the land on which the damage was done, and there was such a gale of wind blowing that it was considered an "Act of God." In this case, appellants made no attempt to watch or guard the fire to prevent it from spreading. They violated the statute. There was no evidence of such a gale of wind as was proven in the *Lehman* case. The only evidence as to the wind was that there was a rather hard wind blowing from the northerly direction. This case is manifestly not within the principle of the *Lehman* case.

Appellant contends, also, that respondent did nothing by way of reducing damages, and that the damages allowed were excessive. Respondent testified that his timber tract was worth $500 less by reason of the fire, and there was testimony that the wood burned was of the value of $128; the fencing of the value of $25, and the lumber of the value of $5. The jury evidently allowed only the damages to the real estate in the sum of $500, which sum was not disputed. Appellant argues that respondent was aware of the fire and danger to his timber for half an hour and took no steps in that time to protect his property. The evidence is that the fire was burning the trees in the timber tract before he was informed of its being within his premises. It is in the evidence and also manifest that nothing could have been done to extinguish the fire in the trees, and respondent and others hauled as much as they could of the wood that was cut on the tract out, and thus saved it.

The judgment is affirmed.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.

MACKINTOSH, J., dissents.