[No. 19706.    Department One.    April 14, 1926.]

WILLIAM PETTIGREW *et al.*, *Appellants*, v. McCOY-LOGGIE TIMBER COMPANY, *Respondent*.[1]

[1] LIMITATION OF ACTIONS (19, 26)—INJURIES TO REAL PROPERTY—FIRE ESCAPING TO LAND OF ANOTHER—TRESPASS OR CASE. An action for the destruction of standing timber by fire, negligently set out by defendant on adjoining land and allowed to spread, is governed by the statute of limitations, Rem. Comp. Stat. § 165, relating to actions "not otherwise provided for," rather than the three year limitation of § 159 relating to actions for "waste or trespass upon real property"; in view of the provisions of the "Fire Act," Laws of 1877, p. 300, § 6 .(Rem. Comp. Stat. § 5649) limiting the plaintiff to a right of action "on the case" for such a loss.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered October 10, 1925, upon sustaining a demurrer to the complaint, dismissing an action for damages.    Affirmed.

*George Downer* and *Sather & Livesey*, for appellants.

*Hadley & Abbott*, for respondent.

HOLCOMB, J.—This action was instituted by appellants to recover damages for the burning of certain standing timber upon their own lands, and a second cause of action assigned to them for the burning of timber on the lands of the Washington State Land Company, a corporation, by the same fire. Two thousand dollars damages were claimed by appellants for the injuries to the timber on their own land, and ten thousand dollars damages for the injury to the timber of their assignor.

The complaint alleges that, for a long time prior to July 20, 1922, respondent was the owner of a large

¹Reported in 245 Pac. 22.

tract of timber in Whatcom county, Washington, and engaged in logging the same; that appellants and their assignor were also the owners of certain standing timber described in the complaint, in Whatcom county; that on or about May 15, 1922, respondent set fires to its slashings upon its own land and burned the same; that the fire resulting from the burning of the slashings was never extinguished prior to July 20, 1922, but smouldered and burned throughout the entire summer, and on July 20, the fire became active, and spread upon the lands of appellants and their assignor, and burned standing timber thereon; that the fires could, by the exercise of reasonable care, caution and diligence, on the part of respondent, have been extinguished prior to the time when they spread and ran upon the property of appellants and their assignor. Appellants then stated the amount of damage on each of their causes of action by reason of the destruction of such timber, and demanded judgment therefor. The complaint was verified on July 9, 1925, and, although no filing marks are shown on the complaint in the transcript, the suit was probably begun on or after July 9, 1925.

Respondent demurred to the complaint on two grounds, but pressed only one, namely, that the action had not been commenced within the time limited by law, to wit: within two years after the cause of action accrued. The demurrer was sustained. Appellants refusing to further plead, the court dismissed the action. This appeal results.

[1] The question to determine is which statute applies: Subd. 1, Rem. Comp. Stat., § 159, the three year real property, or Rem. Comp. Stat., § 165, relating to actions for relief not otherwise provided for in the statutes of limitation, limiting them to two years after a cause of action accrues.

Thereupon the peculiar question arises, whether appellants' action is governed by principles governing pure trespass as known at common law, or trespass on the case as known at common law.

Appellants forcefully contend that their action is one for damage for trespass upon real property, and that the period of limitation is governed by § 159, *supra*. Respondent contends, and the trial court agreed with it, that the action is one for trespass on the case governed by the two-year statute, and certain of our decisions.

Much learning and logic are ably presented to us by counsel for both sides. A number of authorities, including 3 Blackstone's Commentaries, 123 and 208; 1 Chitty, Pleadings, 122; Andrews, Stephens' Pleading, § 80; 29 Cyc. 562-3; 1 C. J. 996, 997; Cooley on Torts (2d ed.), 514; *Percival v. Hickey*, 18 Johns. (N. Y.) 247, 9 Am. Dec. 210; *Jordan v. Wyatt*, 4 Grattan (Va.) 151, 47 Am. Dec. 720; *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881; *Welch v. Seattle & Montana R. Co.*, 56 Wash. 97, 105 Pac. 166, 26 L. R. A. (N. S.) 1047; *Denney v. Everett*, 46 Wash. 342, 89 Pac. 934, 123 Am. St. 934, and others, are cited by appellants.

In the above citation from C. J. it is said:

"Case and trespass are clearly distinguishable, although the distinction is somewhat subtle and sometimes difficult of application. As ordinarily stated, the distinction is that where the injury resulting from a particular act is direct and immediate, trespass is the proper remedy, but that where it is not direct, but merely consequential, the proper remedy is case. . . . The distinction does not depend upon whether the act was lawful or unlawful, or whether it was wilful or otherwise, or upon the time which it occupied, or the space through which it passed, or the place from which it began, or the intention with which it was done, or

the instrument or agent employed, or the degree of violence used.''

In this complaint there is no pretense that the fire was unlawfully set; no allegation that any injury was wilfully caused by defendant. The averments of the complaint charge negligence in not properly guarding and doing something to extinguish the fire from May 15 to July 20, and take proper steps to arrest its spread to neighboring lands.

Appellants readily admit that, on the facts stated herein, they might have brought a common law action of trespass on the case, but urge that they did not have to bring that form of action, but were entitled to bring an action of trespass, which they assert they did. Respondent, to the contrary, asserts that the action is one of trespass on the case, and was so limited by the so-called Fire Act, which was enacted by the territorial legislature in 1877 (Laws of 1877, p. 300). That act has never been repealed, amended or altered, in any way. It is set forth in Rem. Comp. Stat., § 5647 *et seq.* and Pierce's 1923 Code, § 9131-41 *et seq.*

Section 1 of that act provides a penalty on conviction of a fine and commitment until the payment of the fine, and costs for kindling a fire on land not owned by the person kindling the fire, and without the owner's consent, if the fire spread and do damage. Section 2 of the act provides a more severe penalty for maliciously and with intent to injure any other person, kindling a fire on one's own land or the land of another and as a result of which property is destroyed or damaged. Section 3 provides that:

"If any person shall for any lawful purpose kindle a fire upon his own land, he shall do it at such time and in such manner, and shall take such care of it to prevent it from spreading and doing damage to other persons' property, as a prudent and careful man would

do, and if he fail so to do he shall be liable in an action *on the case* to any person suffering damage thereby to the full amount of such damage."

The words "on the case" in that section were omitted in the same section, § 5647, as codified in Rem. Comp. Stat., but they are in the original act. Pierce's codification, *supra,* contains the words "on the case."

Sections 4 and 5 are immaterial in this discussion. Section 6 provides that the common law right to an action for damages done by fires is not taken away or diminished by the act, but it may be pursued notwithstanding the fines and penalties set forth in the first and second sections of the act; but any one availing himself of the provisions of the *third section* shall be barred of his action at common law so to sue, and no action shall be brought at common law for kindling fires in the manner described in the 5th section, but if any fire shall spread and do damage, the person who kindles the same, or by whose act the same was suffered to spread, shall be liable in damages in an action on the case.

It is plain that § 3 limits the right of action against one kindling a fire for a lawful purpose upon his own land, who did not kindle the fire at such time and in such manner, or take such care of it to prevent it from spreading and doing damage as a prudent and careful man would do, to an action on the case by any person damaged.   [Rem. Comp. Stat., § 5649.]

Without unduly prolonging this opinion, we may say that, from our previous study of the practice at common law, and our research upon the present question, we feel satisfied that the provision of § 3 of the Fire Act of 1877, p. 300, was purely and accurately declaratory of a settled principle of the common law. The ancient writ of trespass had always been denied in cases aris-

NOTE:   See Code of 1881, § 1226, for amendment of this section.   REP.

ing upon pure omissions to perform duties and care, and the "action on the special case" was allowed to afford a remedy for injuries so resulting; in other words, to obtain relief from pure negligence.

It is peculiar that, though this Fire Law as it is called, has been in force for nearly fifty years it has not been necessary to construe its provisions heretofore as to the nature of the proper action under its various provisions to enforce rights and remedies thereunder.

If that act is in force, as it undoubtedly is, the legislature, having the right and power so to do, limited the nature of the action that should be brought under it. While, if the legislature had remained silent, appellants might have chosen upon which form of action they would rely, and the authorities they have cited as to choice of action in such cases might apply, the legislature having spoken and specified the nature of the action to be brought, we think that is conclusive.

Appellants place great reliance upon the case of *Jordan v. Wyatt, supra,* where the Virginia court held in a case in which the only question to be determined was which form of action was the proper one, trespass or trespass on the case; and where the facts were that plaintiff had wood on defendant's land; the defendant set fire to some rubbish on another part of his land; the fire escaped him and unintentionally burned plaintiff's wood. It was held by the court there that trespass would lie against the defendant for the injury because the injury was direct and immediate, and not merely consequential. But that case was as much a direct trespass as if the defendant had thrown some burning matter, while standing on his own land, although not intentionally, into the inflammable material belonging to plaintiff, and the damage was direct.

Trespass always lies, and always did lie, if the injury was directly inflicted by the defendant's forceful act, whether intentional or not. In a case such as we have before us, respondent in burning its slashings upon its own land was committing no unlawful act. But it was required to do what it was also required to do under a general principle of common law; "so use its own property as not to injure another;" and under the Fire Act so control the fire which it had kindled upon its own premises as not to injure another. It was its duty to take care of it and prevent it from spreading and doing damage to the property of others such as a prudent and careful man would do; and if it failed so to do, and the property of others was injured, it became liable in an action on the case under the provisions of the statute to such person as suffered damage, to the full amount of such damage.

Appellant also contends that the case of *Kuehn v. Dix*, 42 Wash. 532, 85 Pac. 43, by this court is controlling herein. We do not think so. The statute of limitations was not in question in that case. The only thing in question was whether there had been such negligence as was governed by Ballinger's Code, then § 3138, now Rem. Comp. Stat., § 5647, and which was § 3 of the Laws of 1877, p. 300. He was liable for such negligence in starting the fire upon his own land and not taking care of his fire as a prudent and careful man would to arrest it. To the same effect is *Burnett v. Newcomb*, 126 Wash. 192, 217 Pac. 1017, which involved the same statutory provision on negligence.

We also held in *Lehman v. Maryott & Spencer Logging Co.*, 108 Wash. 319, 184 Pac. 323, that in such cases the liability must be predicated upon negligence. In *Clark Lloyd Lumber Co. v. Puget Sound & Cascade R. Co.*, 92 Wash. 601, 159 Pac. 774, we said that "if a thing

lawful to be done results in damage, the case falls under the two-year statute."

Regardless, therefore, of the refined distinctions at common law between actions for trespass and actions for trespass on the case, we conclude that this action is governed by the provisions of the Fire Act of 1877, p. 300, limiting the action to an action on the case. We have consistently held that actions on the case fall within the provisions of the two-year statute of limitations. *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881; *Clark Lloyd Lumber Co. v. Puget Sound & Cascade R. Co., supra; White v. King County,* 103 Wash. 327, 174 Pac. 3.

The two-year statute applies in this case, and the demurrer to the complaint was properly sustained. The judgment dismissing the action was therefore proper, and is affirmed.

Tolman, C. J., Fullerton, Parker, and Main, JJ., concur.