[No. 23827. Department Two. August 16, 1932.]

PETER GAROFALO et al., *Respondents*, v. ALBERT COMMELLINI et al., *Appellants*.[1]

■

*Joseph A. Albi*, for appellants.
*John H. Roche* and *R. L. Edmiston*, for respondents.

MILLARD, J.—A few days subsequent to Albert Commellini's purchase of a garage business in Spokane, Peter Garofalo bought a one-half interest therein. Approximately six weeks later, Garofalo sold, for less than he paid therefor, his interest in the business to James J. Baroni. Within twenty-four hours, Garofalo, claiming Baroni acted for Commellini, tendered to Baroni the consideration paid and demanded return of the bill of sale. Garofalo's endeavor to restore the *status quo ante* failed.

Three months thereafter, Garofalo and wife, alleging they had been defrauded by the misrepresentations of Commellini, commenced an action against him and Baroni to recover in damages as for fraud and deceit. Being of the view that Baroni acted for Commellini, and that Garofalo was defrauded as alleged, the court entered judgment awarding recovery to plaintiffs of the amount paid by them for a one-half interest in the garage business and one hundred and ninety dollars for loss of wages. Defendants have appealed.

The sole question presented by this appeal is whether the evidence is sufficient to sustain the judgment.

The fraud consisted, contend respondents, in falsely representing that Commellini paid three thousand dollars for the garage business and the lease; in misstatements as to the amount of the gross receipts of the business; in falsely representing that Commellini's private business with the garage approximated five hundred dollars monthly; in falsely representing that a Mr. Cooper earned a net profit of forty thousand dollars from the business within the past four or five years; in falsely stating he would give to any one his half interest of the business and otherwise discouraging the respondent and thereby inducing him to sell at a sacrifice his half interest to Commellini.

[1]Reported in 13 P. (2d) 497.

The uncorroborated testimony of respondent husband was contradicted by the appellants. If the testimony of Mr. Garofalo is true, the respondents were defrauded as alleged.

The trial court heard and saw the witnesses, and was thus afforded an opportunity, which is not possessed by this court, to determine the credibility of the witnesses. We have consistently adhered to the rule that the finding of the trial court upon conflicting oral evidence will not be disturbed where we are unable to say that the evidence preponderates against the finding. It follows that the judgment should be, and it is, affirmed.

TOLMAN, C. J., MAIN, BEALS, and HOLCOMB, JJ., concur.