[No. 25431. Department One. April 4, 1935.]

FARMERS' WAREHOUSE COMPANY, *Appellant,* v. ERNEST W. FRY *et al., Respondents.*[1]

*Tom Alderson* and *Moulton & Powell,* for appellant.
*Bushnell & Beardsley,* for respondents.

TOLMAN, J.—This action grew out of, and is the natural aftermath of, the matters involved in the case of *Larson v. Farmers Warehouse Co.,* 161 Wash. 640, 297 Pac. 753, in which case this court affirmed a judgment against the plaintiff in the present action.

After payment by it of the judgment in the former case, the plaintiff brought this action to recover the amount so paid, plus the expenses of defending the

[1]Reported in 43 P. (2d) 23.

former action, upon the theory that the defendants here, from whom it is alleged that it bought the hay which caused the liability, were liable over, and that it had duly tendered the defense of the former action to the present defendants. The cause was tried to the court sitting without a jury, resulting in findings of fact favorable to the defendants and a judgment thereon dismissing the action. The plaintiff has appealed.

After an exhaustive study of the record, we are convinced that nothing is now presented save questions of fact; and under our familiar rule, the judgment must be affirmed unless we can say that the evidence preponderates against the facts as found. We quote liberally from the trial court's findings:

"That the plaintiff is a corporation organized under the laws of the state of Washington, with its principal place of business in Auburn, King county, Washington, and has been engaged in the business of buying and selling hay, grain and stock from producers and dealers to the ultimate consumers and has during a portion of said time purchased large quantities of hay and transacted business with the defendants over the course of a number of years.

"That the defendants at the time this cause of action arose were co-partners in the hay, grain and feed business in Prosser, Washington, purchasing hay, grain and feed from the growers and selling to consumers and dealers and had operated such a business over a long period of years at Prosser, Washington.

"That particularly on or about the 11th day of March, 1929, the defendants sold and delivered to the plaintiff a carload of number one alfalfa hay, containing 231 bales, which same was shipped over the Northern Pacific Railway Company in car No. N. P. 27508, and defendants knew at said time that plaintiff had purchased the same for the purpose of resale to consumers.

"That on or about the 12th day of March, 1929 the plaintiff sold and delivered 31 bales of hay to one

Olaf Larson, a farmer residing in King county, about four miles from the place of business of the plaintiff, and that within a few days thereafter the said Olaf Larson fed hay to his cows and shortly thereafter three of said cows became sick and died, and that thereafter, the said Olaf Larson instituted an action in the superior court of the state of Washington for King county, being cause No. 221248, against the plaintiff, Farmers Warehouse Company, claiming that said hay so purchased from the plaintiff was not suitable for feed and contained poisonous substances, and that said suit resulted in a judgment being recovered against the plaintiff for the sum of $430, with costs and disbursements, and which said judgment was affirmed by the supreme court.

"That the plaintiff failed and neglected to tender the defense of the Larson case to the defendants herein, and gave no notice of any kind to the defendants herein, that they would be held responsible for any judgment which might be recovered in the Larson case, and that the plaintiff herein further neglected to deliver any copy of the summons and complaint in the Larson case unto the defendants herein, and that no tender of the defense of the Larson case was ever made to the defendants, Ernest W. Fry & Son, and said defendants did not participate in the trial of the Larson case either in person or by attorney, although they did at the request of the plaintiff, furnish the scale slips showing the delivery of the hay to the car in which it was shipped and furnished the names of some witnesses who testified at the trial of the Larson case.

"That plaintiff has failed to prove by preponderance of the evidence that the defendants sold to the plaintiff the particular hay involved in the Larson suit.

"That the hay sold by defendants to plaintiff was grown on a ranch near Outlook, Washington, owned and operated by a man by the name of W. J. Knight, and that said hay was baled on the Knight ranch and hauled directly from the bailer to the car and loaded into N. P. car No. 27508 and shipped direct to the plaintiff at Auburn, Washington, and the car was not

opened until upon arrival at its point of destination and that no other hay whatever went into the car except the hay from the W. J. Knight ranch.

"That there is no orchard either upon or within three or four miles of the ranch where this particular hay was grown and that no spray of any kind or nature was used on the alfalfa and that there was not any spray or poisonous substances of any kind upon the ranch where said hay was grown, and that the trucks which hauled the hay to the car had not been used for hauling poisonous substances, and that the hay sold and delivered by the defendants to plaintiff was not orchard hay and did not contain any spray or poisonous substances of any kind.

"That immediately after the death of the first two cows belonging to Mr. Larson samples of the hay were taken for analysis and one chemist found that the hay which he analyzed contained lead arsenate but the other chemist found that the same contained no lead arsenate whatever.

"That immediately after the death of said cows the plaintiff caused some of the hay taken from the Larson ranch to be fed to rabbits but the same did not kill the rabbits or have any injurious effect upon them.

"That out of the 231 bales of hay purchased by plaintiff from the defendants in this particular car no other complaint was had from any source whatever.

"That an examination of the pasture of Mr. Larson disclosed a paint bucket which was accessible to the cows, and which paint bucket contained white lead, and that a chemical analysis of the stomach contents of the first two cows that died disclosed chunks of white lead. That said cows belonging to Olaf Larson could not have been killed from eating orchard hay but that they could have died from white lead poisoning.

"That the hay shipped in this particular car constituted only a small portion of the hay grown on the Knight ranch that year and which balance of the hay was either fed to cattle on the ranch or sold elsewhere,

and that no other complaints were had or received as to that hay.

"That the hay sold by the defendants unto plaintiff was not and could not have possibly been contaminated with the substance which the court in the Larson case found to be the cause of the cows death.

"That there were two or three different kinds of hay found in the Larson barn immediately after the death of his cows."

Two vitally important issues of fact are thus found against the appellant: (1) That the defense of the former action was not tendered to the respondents and, (2) that there was not sufficient proof to establish that the particular hay involved in the Larson case was sold and shipped by the respondents to the appellant.

In our study of the record, we have given particular attention to the evidence bearing upon these two issues, and are well convinced that it does not, on either issue, preponderate against the findings. A detailed discussion of the evidence would serve no useful purpose. These findings being sustained, it follows inevitably that the judgment in the former is not here *res judicata*.

The judgment is affirmed.

MILLARD, C. J., MAIN, BEALS, and GERAGHTY, JJ., concur.