[No. 26176. Department One. August 21, 1936.]
E. C. GEMBERLING *et al., Respondents,* v. J. C. HEITMAN *et al., Appellants.*[1]

*Guy E. Kelly* and *John E. Belcher,* for appellant.

*F. A. Latcham, Julian Matthews,* and *B. E. Johnson,* for respondent.

STEINERT, J.—Plaintiffs brought this action against defendants for an accounting of insurance premiums alleged to be due them, for damages resulting from the loss of such premiums, and for an injunction to restrain defendants from further violating a contract between the parties respecting an insurance agency business. Defendant Heitman cross-complained against plaintiff Gemberling upon an assigned claim for moneys alleged to have been misappropriated by Gemberling from funds belonging to defendant Fidelity Rent & Collection Company.

Upon a trial by the court, findings and conclusions were made, and, based thereon, judgment was entered awarding plaintiff Gemberling recovery of a definite sum of money from all the defendants, enjoining defendants from further violating the contract, and denying defendant Heitman any relief upon his cross-

[1]Reported in 60 P. (2d) 48.

complaint. The court, having also found that plaintiff DeMille General Agency, Inc., was not a proper or necessary party to the action, dismissed the complaint in so far as that company was concerned. The defendants have appealed from so much of the judgment as is adverse to them.

The assignments of error relate solely to the findings and conclusions of the court and raise only questions of fact.

The facts of the case, as the court found them to be, are comprehensively and adequately set forth in the findings. They are, in substance, as follows:

Appellant J. C. Heitman is the president and general manager of, and owns the controlling stock in, appellants Fidelity Finance Company (hereinafter referred to as the finance company) and Fidelity Rent & Collection Company (hereinafter referred to as the rent and collection company), both of which companies are incorporated. Through the finance company, Heitman was, on and prior to December 20, 1933, engaged in a general insurance business at 111 south Tenth street, in Tacoma, and at the same time and place, through the rent and collection company, was engaged in a general real estate business. All of the records and transactions of the business of both corporations were kept in the books of account, and under the name, of the rent and collection company. Respondent Gemberling was employed by Heitman and was in charge of the insurance end of the business.

Heitman conducted the business of insurance under an oral agreement with respondent C. B. DeMille General Agency, Inc. (hereinafter referred to as the DeMille company), which was the general agent for a number of insurance companies doing business in the Northwest. On December 20, 1933, which is the material date in this action, there was owing by Heit-

man to the DeMille company, the sum of $4,194.86 for collected earned premiums.

On the day just mentioned, an understanding and agreement were had and made by and between the parties to this action, whereby, for and in consideration of the $4,194.86 then owing by the appellants to the DeMille company, the appellants agreed to sell their insurance business to the DeMille company and thereafter not to enter into such business in Pierce county for a period of five years. At the same time, it was understood and agreed between them that the DeMille company would turn the business over to Gemberling, who was to pay the DeMille company, out of the premiums to be earned by him, the amount owing by the appellants, and that the appellants would assist and co-operate in every way in making Gemberling's business a success, in order that the amount owing by appellants might be liquidated.

Pursuant to the understanding and agreement, three written instruments were executed on December 20, 1933. The first was a bill of sale transferring from the finance company to the DeMille company all the assets of the insurance business, including all records, insurance premiums and commissions receivable, renewals, and good will. The bill of sale contained a specific provision wherein the finance company agreed not to engage, directly or indirectly, in the insurance business in Pierce county for a period of five years, but to refer all such business thereafter offered to it to the DeMille company or its assigns. The bill of sale also provided that the finance company's agreement not to engage in the insurance business should be for the benefit of the vendee therein named and its assigns.

The second instrument was an agreement between the DeMille company and Heitman, wherein, following

reference to the preceding instrument, was a provision whereby Heitman personally agreed not only not to engage, directly or indirectly, in any form of insurance business, except life or accident insurance, in Pierce county for a period of five years, but, instead, to refer all former customers and subsequent inquirers to the DeMille company or its assigns, and, further, during the same period, not to become an officer, agent or representative of any corporation engaged in the insurance business in Pierce county, nor to enter into any agreement, arrangement, or understanding of any nature with any other person or corporation, whereby he would profit, directly or indirectly, from any insurance business carried on in Pierce county during that period.

The third instrument was a bill of sale from the DeMille company to Gemberling, transferring to the latter all the assets, including the good will, of the insurance business formerly conducted under the name of the finance company. As consideration for the transfer, Gemberling gave the company his note for $4,644.86, secured by a chattel mortgage on the business.

After the sale and transfer of the business had been effected according to the written instruments just referred to, the appellants continued to occupy the premises at 111 south Tenth street, in Tacoma, for the conduct of their other operations. However, despite the general understanding of the parties, and contrary to the specific provisions of the formal written instruments, they continued to engage in the prohibited fields of insurance. This they did by operating through several individuals and another corporation acting as writing agents. Appellants not only failed to refer their former insurance customers and subsequent inquirers to Gemberling, as they had agreed to

do, but after canceling certain renewals which they were able to control, had the policies rewritten in other companies, contrary to the letter and spirit of their contract.

Respecting the charges made in the cross-complaint, it appears by the findings of the court that, about September 1, 1933, Gemberling, while still in the employ of Heitman, had, with the latter's consent, withdrawn from the funds of the rent and collection company the sum of $3,252.48. For this, Gemberling gave Heitman his note in a like amount, on which he subsequently paid the sum of thirty dollars. Later, he paid the note in full by conveying to Heitman his interest in two pieces of real estate in Tacoma which he and Heitman had theretofore owned jointly.

From these facts, as found by the court, the conclusions and judgment above referred to were, respectively, drawn and entered.

Appellants' sole contention is that the evidence does not support the findings with reference to the alleged violation of their agreement or with reference to the repayment and settlement by Gemberling of the sums withdrawn by him from the funds of the rent and collection company.

The trial lasted over a period of five days. A great deal of evidence, consisting of verbal testimony and written exhibits, was offered and considered. The trial court had the peculiar advantage of observing the witnesses, weighing their testimony, and giving such credence to the evidence as the facts and circumstances appeared to warrant. We, on the other hand, have nothing but a flat record before us.

We have many times said, and now repeat, that the findings of the trial court on conflicting evidence will not be disturbed unless they are clearly erroneous or the evidence preponderates against them. *Zindorf v.*

*Western American Co.*, 26 Wash. 695, 67 Pac. 355; *Ulrich v. Stephens*, 48 Wash. 199, 93 Pac. 206; *Williams v. Bevis*, 152 Wash. 469, 278 Pac. 193; *State ex rel. Seattle v. Northern Pac. R. Co.*, 166 Wash. 437, 7 P. (2d) 29; *Garofalo v. Commellini*, 169 Wash. 704, 13 P. (2d) 497; *Farmers' Warehouse Co. v. Fry*, 181 Wash. 365, 43 P. (2d) 23.

A detailed discussion of the evidence would serve no useful purpose. It must suffice to say that an examination of the record fails to convince us that the evidence preponderates against the findings. The judgment, in turn, is supported by the findings as made.

The judgment is affirmed.

MITCHELL, TOLMAN, GERAGHTY, and BLAKE, JJ., concur.