[No. 33793. Department One. March 14, 1957.]

VIRGIL E. CRISCOLA et al., *Respondents*, v. EARNIE T. GUGLIELMELLI et al., *Appellants*.[1]

*Arthur L. Hawman*, for appellants.

*William P. Roach*, for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment awarding damages for the loss of lettuce crates as a result of a fire started by the defendant husband.

The evidence is in dispute as to the ownership of the lands involved. The trial court found that the defendant husband was a licensee of the premises upon which the fire was started, and that the crates were on land owned by the

[1]Reported in 308 P. (2d) 239.

plaintiffs. The evidence does not clearly preponderate against such findings.

Between eleven o'clock and noon on the morning of September 8, 1955, Earnie T. Guglielmelli kindled a fire on the licensed premises, for the purpose of burning trash. The trash dump contained onion chaff and corn stalks and was surrounded by dry, combustible weeds. The weather had been dry and hot for at least a week prior to that time. He went back after lunch to see if the fire was out.

Adjoining this property, Virgil E. and William Criscola (son and father) had stored 2,705 lettuce crates on their land. The father told defendant that he would sue him if anything happened to his crates. Because of this warning, defendant went back at about 1:30 to see if the fire was out. He testified that he convinced himself that the fire was out; that he did not put dirt or water on it, but that he scuffed it up with his feet and stomped around the outside. At about 8:30 that evening the crates burned.

■ The trial court found that the fire was kindled on a rubbish and trash dump which contained onion chaff and corn stalks; that it is the nature of onion chaff to burn slowly and hold a smoldering fire for several hours; that the rubbish dump was immediately surrounded by dry, combustible weeds which covered the area between the dump and the lettuce crates belonging to plaintiffs; that the weather had been dry and hot for at least a week prior thereto, and that the prevailing winds at that time of year are from south to north; that the crates were located in a generally northeasterly direction from the place where the fire was kindled; and that the fire communicated itself through the weeds to the crates and destroyed them. Again, the evidence does not clearly preponderate against the findings. Furthermore, defendant admitted that he knew of the presence of onion chaff in the burning area.

The court then concluded that defendant husband was willfully and wantonly negligent in kindling and tending the fire under the circumstances, and that such negligence was the proximate cause of the destruction of plaintiffs' lettuce

crates. We do not believe that the facts warrant a conclusion of willful or wanton misconduct, either in kindling or in tending the fire. However, we do believe that the record warrants a conclusion of ordinary negligence. Defendant failed to act, under the circumstances, as a reasonably prudent person.

One starting a fire on his own land is required to use reasonable care to prevent it from spreading to a neighbor's land. Failure to act as a reasonably prudent person would act under like circumstances constitutes negligence. *Lehman v. Maryott & Spencer Logging Co.*, 108 Wash. 319, 184 Pac. 323; *Mensik v. Cascade Tbr. Co.*, 144 Wash. 528, 258 Pac. 323. The same rule applies even though the fire is started, not on land owned by the wrongdoer, but upon land used by him. *Jordan v. Welch*, 61 Wash. 569, 112 Pac. 656.

Although the act of setting a fire is not in itself an act of negligence, the circumstances may be such that a finding of negligence is warranted from the mere setting of the fire. See *Ulrich v. Stephens*, 48 Wash. 199, 93 Pac. 206; also, 2 Thompson, Commentaries on the Law of Negligence, 831, § 2277, wherein it is said:

"But the circumstances may be such that the *mere act of setting the fire* will involve such obvious danger to adjoining property as to afford of itself evidence of negligence."

Here the circumstances were at least such that, once having started the fire, a reasonably prudent person would have taken more precautions in putting it out than merely stomping and scuffing it.

Appellants claim error in refusing permission to amend their answer, during trial, by alleging the affirmative defense of contributory negligence. The granting or refusing permission to amend pleadings during trial rests within the sound discretion of the trial court. *Weihs v. Watson*, 32 Wn. (2d) 625, 203 P. (2d) 350. We find no abuse of discretion.

The judgment is affirmed.

Donworth, Finley, Rosellini, and Foster, JJ., concur.