[No. 6295. Decided April 30, 1907.]

HARRIET M. DENNEY et al., Respondents, v. THE CITY OF EVERETT, Appellant.[1]

LIMITATION OF ACTIONS—TRESPASS—MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE. An action for damages to abutting property resulting from the change of a street grade is not an action for trespass, barred by the statute of limitations within three years, under Bal. Code, § 4800, subd. 1, but is an action for relief not otherwise provided for, limited to two years by Bal. Code, § 4805.

Appeal from an order of the superior court for Snohomish county, Black, J., entered February 19, 1906, setting aside a verdict in favor of the defendant, and granting the plaintiffs a new trial, in an action against a city to recover damages to real property by reason of a change of grade. Reversed.

W. G. McLaren and L. C. Gilman (B. O. Graham, of counsel), for appellant.

Padgett & Bell (Emory, Rourke & Denny, of counsel), for respondents.

[1]Reported in 89 Pac. 934.

Crow, J.—Plaintiffs, Harriet M. Denney and John C. Denney, her husband, are the owners of an improved lot located at the corner of Hewitt and Lombard avenues in the city of Everett. In the year 1901, the defendant, the city of Everett, established and raised the grade of Lombard avenue along the west side of plaintiffs' lot, for the purpose of constructing an approach to a bridge on Lombard avenue over a railroad track which was located some distance to the rear of plaintiffs' lot and extended east and west substantially parallel to Hewitt avenue. On December 24, 1904, the plaintiffs commenced this action to recover damages alleged to have resulted to their lot by such change of grade. The amended complaint alleged that the change of grade was made between May 13, 1901, and January 20, 1902. The defendant demurred to the amended complaint, for the reasons (1) that it did not state facts sufficient to constitute a cause of action; and (2) that the action had not been commenced within the time required by law. This demurrer was overruled, and the defendant answering denied that the grading had been done between May 13, 1901, and January 20, 1902, or that it had been done at any other time than between May 1, 1901, and November 30, 1901. The defendants also affirmatively and separately pleaded the two-year and three-year statutes of limitations. Upon a trial, the jury returned a verdict in favor of the defendant. The plaintiffs moved for a new trial upon the following grounds: (1) Insufficiency of the evidence to justify the verdict, and that the same was against the law; (2) error in law occurring at the trial and excepted to at the time by the plaintiffs; (3) newly discovered evidence material for the plaintiffs, which they could not with reasonable diligence have discovered and produced at the trial. In support of the third ground of their motion the plaintiffs filed affidavits. Answering affidavits were also filed by the defendant. The motion was denied as to the first ground, but was granted on the second and third grounds therein men-

tioned.  From the order setting aside the verdict and granting a new trial this appeal has been taken.

The record shows, and the parties concede, that the jury reached its verdict because it concluded that, under the facts proven, the action was barred by the three-year statute of limitations.  ·The respondents, by their pleadings and evidence, contended that the improvement and grading was not completed prior to January 20, 1902, while the appellant contended that it was completed on or before November 30, 1901, more than three years prior to December 24, 1904, the date of the commencement of this action.  The evidence on this issue was in sharp conflict, and the jury evidently determined the same in favor of the appellant.  The appellant, by its motions, demurrers, and answers, has at all times contended, and now contends, that the action was barred under the two-year statute, Bal. Code, § 4805 (P. C. § 289a).  The respondent concedes that the three-year statute, Bal. Code, § 4800, subd. 1 (P. C. § 285), if justified by the facts, would apply, but strenuously insists that § 4805 has no application whatever.  On this question the trial court held with the respondents, and instructed the jury that, if they found the work of regrading had been completed more than three years prior to the commencement of the action, the plaintiffs' right of action would be barred.  It being conceded that the work had been completed for two years, and there being a conflict of evidence as to the three-year period, the appellant, by its assignments of error, now contends, (1) that the two-year statute of limitations applies, and (2) that the court erred in setting aside the verdict and granting a new trial.

It being undisputed that the work of regrading had been fully completed more than two years prior to the commencement of this action, the respondents in their brief concede that the action is barred if the two-year statute of limitations, § 4805, *supra*, applies, and that they cannot recover.  We think it does apply, and that the act complained of does not

constitute a trespass within the meaning of subd. 1 of § 4800, *supra*. Trespass upon real property, as used in said section, only contemplates and comprehends a direct physical invasion of the real estate itself. It has no reference to consequential injuries resulting from any act which does not amount to a physical invasion of the property itself. *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298.

As we hold the action was barred under the two-year statute it will be impossible for the respondents to recover upon a new trial, which should not have been granted, the verdict of the jury being right under the law and the evidence. It is apparent that no error was committed by the court during the trial, prejudicial to the respondents. It therefore erred in granting the motion for a new trial. The judgment is reversed and the cause remanded with instructions to deny the motion for a new trial.

HADLEY, C. J., RUDKIN, MOUNT, and FULLERTON, JJ., concur.