[No. 11174.  Department Two.  September 3, 1913.]

PROVIDENT TRUST COMPANY *et al., Appellants,* v. THE CITY OF SPOKANE, *Respondent.*[1]

EMINENT DOMAIN—TAKING FOR PUBLIC USE—INJURY TO ABUTTERS. Where a city damages abutting property by the reestablishment of a street grade, there is a taking of the property for public use, within Const., art. 1, § 16, providing that no property shall be taken for public use without compensation.

SAME—CLAIMS—COMPENSATION FOR PROPERTY TAKEN.  The right to recover compensation for property taken by a city for public use under Const., art. 1, § 16, is not a claim for damages or a contract claim within Seattle Charter, art. 4, § 29, requiring all claims for damages against the city to be presented as a condition precedent to action; since the constitutional right to compensation cannot be so taken away.

[1]Reported in 134 Pac. 927.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 2, 1913, upon the verdict of a jury rendered in favor of the defendant, in an action for damages from a change of grade. Reversed.

*Morrill, Chester & Skuse,* for appellants.

*H. M. Stephens, Wm. E. Richardson,* and *Ernest E. Sargeant,* for respondent.

MAIN, J.—The purpose of this action is to recover damages. The cause was tried to the court and a jury, and a verdict was rendered in favor of the defendant. Motion for a new trial having been made and denied, judgment was entered upon the verdict on March 28, 1913. The plaintiffs have appealed.

So far as material upon this appeal, the facts are substantially as follows: Prior to the commencement of the action, the city of Spokane passed an Ordinance, No. A-5,030, entitled "An ordinance to reestablish the grade of Calispel street from the south line of Boone avenue to the north line of Cataldo avenue, and declaring an emergency." The plaintiffs, at and prior to the time of the passage of the aforesaid ordinance and at the time of the trial, were the owners of lots 14, 15, 16, 17 and 18, block 68, Central addition to the city of Spokane. These lots front on Calispel street within the boundaries provided wherein a change of grade was to be made. The actual work of making the street conform to the newly established grade had been performed before this action was commenced. The street in front of plaintiffs' lots had been lowered a distance of from five to six feet below the grade as it had formerly existed, leaving the lots and the improvements thereon from five to six feet higher than the reestablished grade. Before the action was brought, the plaintiffs caused to be filed with the city council a written claim for the damages sought to be recovered in this action. It was contended at the trial that this notice was insufficient

in form and substance, and that it was not filed within the time prescribed by law. The court instructed the jury that the plaintiffs would not be entitled to recover unless a claim had been filed with the city council in the manner and within the time prescribed by law. The claim was filed on the 13th day of March, 1912. The jury found that the damage accrued on the 25th day of November, 1911. The time within which a claim was required to be filed was thirty days after the injury or damage had accrued.

Let it be assumed for the purposes of this opinion that the claim was insufficient, as well as in fact not filed in time. The material question in the case, then, is whether or not the filing of a claim is a condition precedent to the maintaining of an action for damages to abutting property accruing by reason of the reestablishment of the street grade. In § 16, art. 1 of the constitution of the state of Washington, among other things it is provided:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner."

The damages, if any, so far as they may be in excess of the accruing benefits resulting to private property by reason of the reestablishment of the street grade in front thereof and the bringing of the surface of the street to the grade line thus established, is a damage coming within this provision of the constitution. *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161.

In the recent case of *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, it is held that, in cases of this character, it is not necessary to present a claim to the municipality. A full discussion of the question will be found in that opinion and need not be here repeated.

In the briefs filed in the present case, some other questions are discussed, but they seem not to have sufficient merit to justify their review here.

Finding no error in the record other than the one indicated, the judgment will be reversed and the cause remanded for a new trial.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.