[No. 12376. *En Banc.* November 29, 1915.]

## H. O. HOLLENBECK *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—CLAIMS — EMINENT DOMAIN — CHANGE OF STREET GRADE—"DAMAGING." Inasmuch as the change of an original street grade, adopted and improved at the expense of abutting property, is a "damaging" within the meaning of Const., art. 1, § 16, requiring prior payment of just compensation, the constitutional guaranty cannot be abridged by statute or ordinance requiring the presentation of a claim to the city council as a condition precedent to action.

SAME—CHANGE OF STREET GRADE—DAMAGE TO ABUTTING PROPERTY —LIABILITY OF CITY. Where a city permitted a partial grading of a street (upon one side), the grade established is theoretically an establishment of a grade for the whole street, and the city would not be estopped from later grading the balance or other side of the street, nor liable in damages for the removal of the earth in extending the grade to the other boundary line; although it would be · liable, if it lowered the original grade of the whole street, subject to the right to offset benefits.

SAME—CLAIMS—CHANGE OF STREET GRADE—NEGLIGENCE. A claim founded on the negligent removal of lateral support of abutting property, upon grading a street, falls within the statute and ordinance requiring claims to be presented to the city council as a condition precedent to action. ·

Appeal from a judgment of the superior court for King county, Humphries, J., entered June 2, 1914, upon granting a nonsuit, dismissing an action in tort, tried to the court and a jury. Reversed.

*S. S. Langland,* for appellants.

*James E. Bradford* and *Frank M. Egan,* for respondent.

CHADWICK, J.—This is an action to recover damages for the removal of lateral support and for a change of street grade.

Appellants' lots are situate upon the east side of North Broadway, a street in the city of Seattle. The abutting

[1]Reported in 153 Pac. 18.

property owners were permitted to grade the street at their own expense under an ordinance passed in 1894, the work being done about the same time under the supervision of, and according to plans and specifications drawn by, the city engineer. The street ran over a hillside having a heavy slope from east to west. The west thirty-six feet of the street was graded and some improvements in the way of sidewalks and curbing were put in.

The plans and specifications are not in the record. There is some testimony from which it may be inferred that they are lost. The east twenty-four feet was left ungraded. A slope extending back towards appellants' property was left, as appellants now contend, for lateral support to their property. We are not informed as to whether the original plans provided for a grade to the full width of the street.

In 1909, the city graded the street to its full width. It is contended by appellants that the city excavated the land so close to the property line that appellants' property has been greatly damaged by reason of slides; that the work was done carelessly and negligently; that, in making the improvement under the ordinance of 1909, the original grade, as established in 1894, has been reduced from one to approximately three feet in front of appellants' lots. The record is bare of facts as to the elevations of either the first or second grade. Things which are no doubt subject to record proof are left to the opinion and suppositions of the witnesses. The case turned upon the law pertaining to the presentation of claims, and the testimony, so far as taken, went almost entirely to the question of lateral support and the resultant damage. The case was taken from the jury and a judgment entered in favor of the respondent, because appellants did not file a claim for damages within thirty days after the claim had accrued.

Assuming that the grade of the street was established in 1894 and was changed in 1909, we cannot distinguish the case from *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504,

135 Pac. 820; *Casassa v. Seattle,* 75 Wash. 367, 134 Pac. 1080; *Provident Trust Co. v. Spokane,* 75 Wash. 217, 134 Pac. 927. We have held that a grade need not be adopted by a formal ordinance; that a grade, if adopted and improved at the expense of the abutting property owner, is an established grade and cannot thereafter be changed by the city without payment of consequential damages. *Thorberg v. Hoquiam,* 77 Wash. 679, 138 Pac. 304. A change of grade is a damaging within the meaning of the constitution, art. 1, § 16, *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Provident Trust Co. v. Spokane, supra,* and such is the general rule. 1 Elliott, Roads and Streets, p. 272, § 237; 4 Dillon, Municipal Corporations (5th ed.), § 1684; 28 Cyc. 1069. A right to recover for a damage done in violation of a constitutional guarantee cannot be abridged by statute or ordinance, and in so far as appellants' claim rests upon a change of grade, no notice of the claim was essential nor could it be required.

On account of the incomplete state of the record, we deem it advisable to make some suggestions as to the law of the case so that, whatever the fact may be, the case can be finally determined in the court below. While it is not fairly in the record with which we have to deal, the question may arise, and we think it not improper to say that we are not inclined to hold that a city, having graded or permitted a partial grade of a street, is to be held under the doctrine of estoppel or under the rule that a road is established by prescription to the extent only that it has been used. The reason for this is apparent. Such a holding would work to the great disadvantage of the property owner, if it would not, indeed, sometimes result in the actual confiscation of his property. The law is that a city can make a temporary roadway to meet the immediate necessities of isolated districts without resort to the improvement statutes. *Thorberg v. Hoquiam, supra; People v. Village of Hyde Park,* 117 Ill. 462, 6 N. E. 33.

If, then, the city was not bound to grade the whole of the street at one time, it follows that the establishment of a grade upon the west thirty-six feet (we are assuming that no paper grade was established for the whole street) was theoretically an establishment of a grade of the whole street, and that the city would not be liable in damage for the removal of the earth left on the east side of the street if the elevation of the graded part of the street was extended to the east boundary. That a city is not bound to maintain the lateral support of abutting property upon an original grade has been finally settled in this state. *Schuss v. Chehalis,* 82 Wash. 595, 144 Pac. 916.

Appellants rely upon a general observation made in *Seattle v. McElwain,* 75 Wash. 375, 134 Pac. 1089, to the effect that a city may be liable for the removal of lateral support. It was explained in the *Schuss* case that the *McElwain* case was a regrade case, and the remarks of the court, while apparently a statement of a general principle, could have no force beyond the case then under consideration and similar cases.

However, if it should appear that the grade of the west thirty-six feet was not extended on a right line to the east boundary line of the street, but that the whole street was in fact lowered and the additional cut contributed to the damage of appellants, they would be entitled to take such damages, not on account of the original grade which theoretically extended to the east line of the street, but on account of the lowering of the grade below that elevation. This would be *pro tanto* a change of grade. Or, to state it in another way, appellants cannot recover damages for any slide resulting from the removal of the twenty-four feet of earth if the grade was extended on the same grade as the original grade of the thirty-six feet, but they are entitled to recover to the extent that a jury can say a lowering of the grade below that elevation contributed to their injury.

Neither can the appellants recover on the ground of negligence in removing the earth. A claim founded on the negligent doing of a lawful act falls within the statute and the charter provision of the city which requires that all claims be presented within a certain time. There is no pretense that the claim was presented within the time limited in this case. *Jorguson v. Seattle*, 80 Wash. 126, 141 Pac. 334. Our holding is that, if plaintiffs' cause of action depends solely upon the removal of lateral support, they cannot recover.

If a grade and elevation were established when the street was originally improved to the width of thirty-six feet, then the city would be bound to continue the same elevation over to the property line of appellants. If such grade was established and the city has lowered the elevation of the grade, then it is answerable to the appellants for the consequential damages, subject to the right of the city to offset benefits. *Lincoln County v. Brock*, 37 Wash. 14, 79 Pac. 477; *Kitsap County v. Melker*, 50 Wash. 29, 96 Pac. 695; *Hieber v. Spokane*, 73 Wash. 122, 131 Pac. 478; *In re Queen Anne Boulevard*, 77 Wash. 91, 137 Pac. 435.

The case is remanded for further proceedings.

MORRIS, C. J., MAIN, MOUNT, ELLIS, HOLCOMB, PARKER, and FULLERTON, JJ., concur.