[No. 14032. Department. One. August 7, 1918.]

EMMA F. WHITE, *as Executrix etc., Appellant,* v. KING COUNTY, *Respondent.*[1]

LIMITATION OF ACTIONS — NEGLIGENT CHANGE OF GRADE — ACTIONS NOT OTHERWISE PROVIDED FOR. An action for negligent injury to property from the changing of the grade of a highway is not an action for trespass, limited to three years, but falls within Rem. Code, § 165, declaring a two-year limitation on all actions not otherwise specifically provided for.

SAME—TOLLING STATUTE—FILING CLAIM. The filing of a claim against a county within the statutory period does not toll the statute of limitations, which begins to run from the act giving rise to the action, and not from the filing of the claim.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 11, 1916, in favor of the plaintiff, upon sustaining a demurrer to the complaint, in an action for damages from change of grade. Affirmed.

*L. R. Kerley,* for appellant.

*Alfred H. Lundin* and *S. M. Brackett,* for respondent.

PER CURIAM.—The appellant, individually and as executrix of the estate of her deceased husband, began this action on March 16, 1915, to recover consequential damages caused to certain lands as the result of increased seepage and drainage thereon by reason of raising the grade of an established county road.

[1]Reported in 174 Pac. 3.

The complaint alleges that the appellant and her husband, in the year 1901, donated a sixty-foot right of way to the county for road purposes, and that the initial improvement of the road was made during the same year by grading a roadway in the center thereof sixteen feet in width and surfacing the same with gravel; that, at a point where the crest of the roadway as thus improved was about one foot above the natural surface of the ground, the appellant and her husband had theretofore improved their property prior to the year 1901 by the erection of a hotel building, and had later made improvements in and about the hotel with reference to such established grade; that, during the year 1912, the county altered the road in the construction of a paved highway, under the permanent highway system of the state, by widening the roadway from sixteen to twenty-five feet and by negligently raising its grade two feet two inches above the former level; that the change of grade and surfacing were completed and accepted by the board of county commissioners on December 2, 1912; that the change of grade was without the consent of the appellant and her husband; that the road was left in a condition sloping towards their hotel property in such a manner that, during the rainy season, the water and slush from the road would constantly run into the hotel property, rendering it almost untenantable and making it less attractive to patrons, thereby reducing its trade and custom; that no provision was made for drains through the embankment caused by the elevation of the road, and that, by reason thereof, water from above the road and water draining off the road is thrown and held in the narrow area between the highway and the building and can only be dissipated by seepage or evaporation, none of which conditions existed under the old established

road grade; that, by reason of the increased height of the grade, the appellant's hotel building is now "in a hole" in comparison with its former situation, and that the hotel cannot be rendered suitable for its original purpose, or safe or convenient for any purpose, unless it is raised to a level with the new grade, which cannot be done at a less cost than from $3,000 to $4,000. Judgment is prayed in the sum of $5,000. The complaint also alleges the filing of a claim for damages with the county commissioners on January 13, 1914.

The respondent demurred to the complaint on the ground that it did not state a cause of action, and that it showed upon its face that any alleged cause of action is barred by the statute of limitations. This demurrer was sustained by the court, and the appellant, electing to stand upon her complaint, judgment was entered dismissing the action, from which this appeal is prosecuted.

Whether or not the complaint states a cause of action is unnecessary to be determined, in view of our conclusion that the action was not timely instituted. The complaint is based on injuries arising from an alleged tortious act in making a change of grade in the highway, which was fully consummated by its acceptance by the respondent on December 2, 1912. The complaint herein was filed with the county clerk on March 16, 1915, more than two years after the cause of action arose. We have heretofore held that actions of this character involving negligent injury do not fall within the three-year limitation provided for trespass on real property, but are governed by Rem. Code, § 165, declaring a two-year limitation on all actions not otherwise specifically provided for. *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881; *Denney v. Everett*, 46 Wash. 342, 89 Pac. 934, 123 Am. St. 934.

The fact that the appellant filed her claim for damages with the county board within two years prior to bringing her action would not operate to toll the statute of limitations. If a presentation is necessary in such a case, which may be doubted, in view of our decisions in the cases of *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Provident Trust Co. v. Spokane,* 75 Wash. 217, 134 Pac. 927; and *Hollenbeck v. Seattle,* 88 Wash. 322, 153 Pac. 18, it is but a part of the procedure necessary to perfect the cause of action; not the act giving rise to the cause of action, from which alone the limitation of the statute must be measured.

The complaint, showing on its face that the action was not brought within the required time, the demurrer was properly sustained. The judgment is affirmed.