[No. 37432.   Department Two.   June 17, 1965.]

FRED ZIMMER, *Appellant,* v. B. M. STEPHENSON, *Respondent.\**

. . *Reported in 403 P.2d 343.

*J. D. McMannis*, for appellant.

*Evans C. Bunker* and *F. L. Stotler*, for respondent.

HAMILTON, J.—In the summer of 1959, plaintiff owned a field of ripe wheat immediately adjoining defendant's property. On the afternoon of July 23, 1959, a dry, hot day in Whitman County, when the wind was allegedly blowing toward plaintiff's land, defendant undertook to plow a fireguard upon and around his land with an industrial type D-6 Caterpillar tractor, a piece of equipment not particularly designed for farm work. During the course of defendant's operation, plaintiff's wheat caught fire. The fire caused a substantial crop loss.

More than 2 years, but within 3 years, after the fire, plaintiff initiated this suit seeking damages. In support of his claim, plaintiff alleges, in essence, that the fire was caused by a spark or piece of burning carbon cast onto his property from the exhaust stack of defendant's Caterpillar, and that such would not have occurred had the Caterpillar been properly equipped with a spark arrester or had defendant otherwise observed suitable safety precautions.

Following a pretrial conference, the superior court by order dismissed plaintiff's action upon the ground that it had not been commenced within the time limited by law. In so doing the court applied the 2-year statute of limitations, RCW 4.16.130.[1] Plaintiff has appealed, contending that the 3-year statute of limitations, RCW 4.16.080(1),[2] applies.

Essentially, the question presented on appeal is whether plaintiff's action is one which would, in common

---

[1]"An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued." RCW 4.16.130.

[2]"Within three years:

"(1) An action for waste or trespass upon real property;" RCW 4.16.080(1).

law pleading, be characterized as an "action of trespass" or an "action of trespass on the case." The reason for this return to the honored but ancient distinction in forms of action springs from the case of *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 8, 76 Pac. 298 (1904), wherein this court stated:

> We must, therefore, conclude that, when our law makers provided a three-year limitation for actions for "trespass upon real property," they meant to include only such recovery as could have been had through the action of trespass at common law. It follows that actions under our present procedure, through which relief is sought for injuries to land, and which could have been had at common law through an action on the case only, are governed by our two-year statute of limitations, hereinbefore cited.

We have since followed and reiterated this rule in *Denney v. Everett*, 46 Wash. 342, 89 Pac. 934 (1907); *Welch v. Seattle & Montana R.R. Co.*, 56 Wash. 97, 105 Pac. 166 (1909); *Clark Lloyd Lbr. Co. v. Puget Sound & Cascade Ry. Co.*, 92 Wash. 601, 159 Pac. 774 (1916); *White v. King Cy.*, 103 Wash. 327, 174 Pac. 3 (1918); *Pettigrew v. McCoy-Loggie Timber Co.*, 138 Wash. 619, 245 Pac. 22 (1926). And, we adhered to the principle of the rule in distinguishing nuisance from trespass in *Weller v. Snoqualmie Falls Lbr. Co.*, 155 Wash. 526, 285 Pac. 446 (1930) and *Riblet v. Spokane-Portland Cement Co.*, 41 Wn.2d 249, 248 P.2d 380 (1952). In this latter respect, however, we pause to make clear that the theory of nuisance is not here involved.

▐ Generally speaking, in common law pleading, trespass was that form of action whereby recovery of damages could be sought for an injury to the person, property, or relative rights of a plaintiff when the injury was committed with force, actual or implied, and was immediate and not consequential. Shipman, Common Law Pleading, ch. 2, § 15, p. 50 (2d ed. 1895). And, trespass on the case was the form of action available for seeking recovery for torts committed without actual or implied force; or if, though the act was committed with force, the matter affected was not tangible, or the injury was not immediate, but consequen-

tial. Shipman, Common Law Pleading, ch. 2, § 17, p. 86 (2d ed. 1895).

In *Clark Lloyd Lbr. Co. v. Puget Sound & Cascade Ry. Co.*, *supra*, at page 605, we quoted the traditional distinction between actions in trespass and trespass on the case from 3 Blackstone's Commentaries (Lewis' ed.), p. 123, as follows:

> "And it is a settled distinction, that where an act is done which is in itself an immediate injury to another's person or property, there the remedy is usually by an action of trespass *vi et armis*; but where there is no act done, but only a culpable omission, or where the act is not immediately injurious, but only by consequence and collaterally, there no action of trespass *vi et armis* will lie, but an action on the special case, as the damages consequent on such omission or act."

We then further pointed out that (p. 605)

> If a thing lawful to be done results in damage, the case falls under the two-year statute. If the thing done is wrongful in its inception to the extent that it presently invades a property right, the three-year statute applies.

In the instant case, the superior court concluded that defendant in plowing a fireguard upon his premises was engaged in a lawful act, and that the claimed damages flowing therefrom were consequential rather than immediate or direct. Thus, the superior court applied the 2-year statute.

We are constrained to disagree with the superior court for three reasons.

First. The action of the defendant, which plaintiff alleges produced the loss claimed, was not simply the act of plowing a fireguard. It was the act of plowing a fireguard with an improperly equipped, spark-emitting tractor on a hot, dry, windy day in close proximity to a field of ripe inflammable wheat. Plaintiff thus alleged a wrongful and affirmative act, not a culpable and passive omission, from which the fire complained of directly and immediately resulted. If plaintiff's allegations be true, defendant's action was as wrongful and direct as though he had stood in his

field and thrown a burning coal into plaintiff's field, and the results as immediate. As stated in the early case of *Jordan v. Wyatt*, 45 Va. (4 Gratt.) 151, 156, 47 Am. Dec. 720 (1847):

> He who gives a mischievous impulse to matter is the actor, by whatever instrument or agent he acts, and whether he uses muscular strength or mechanical force, or even moral power, as if he commands or procures another to do the act; or whether he excites or inflames into action some dormant quality or property of a substance, natural or artificial, animate or inanimate. . . .
>
> It is no ground of defence to this action that the defendant was engaged in a lawful pursuit and intended no harm, and that his act would have been harmless but for his carelessness or negligence. He was not the less a trespasser; and in truth his only ground of defence in this or any proper form of action would have been, that he was in no wise careless or negligent, but had proceeded with due caution and circumspection, and that the injury done by his act was occasioned by unavoidable accident. A man is bound  so to conduct himself as to avoid doing damage to the person or property of another, and a slight default will render him responsible:  . . . .

In our opinion the action of trespass lies.

Second. The actions of trespass and trespass on the case have been, during the era of their use, regarded as concurrent remedies, where they approach the dividing line so closely as to scarcely be distinguishable. Again quoting from *Jordan v. Wyatt, supra*, pp. 157, 159:

> I doubt not that trespass on the case might have been maintained for the grievance in question; but it by no means follows that trespass is not also a proper remedy. Where the injury is immediate and attributable to the defendant's negligence, I can perceive no good reason why the two remedies of trespass and case should not be concurrent, so that either may be selected; the action of trespass, founded upon the defendant's act, against which his negligence can be no defence; or the action on the case, founded upon his negligence in doing an act which would have been otherwise lawful. In either form of action, the merits of the case would be the same, would fall under the same issue, appear from the same evidence,

> turn upon the same responsibility, and receive the same adjudication. It would be difficult to maintain, either upon reason or authority, that in such a case a greater degree of negligence would be required by the action on the case than by the action of trespass. . . .
>
> The forms of action must, it is true, be preserved, but it is much to be regretted that between their narrow jurisdictions, the merits have been too often lost by a confusion or mistake of boundaries. The best security against the evil is to lean, so far as authority allows, to a concurrence of remedies, when the due administration of justice does not require the exclusion of one by another. The subject, it seems to me, as regards the actions of trespass and case, for acts immediately injurious, is placed on a solid and judicious footing by the cases of *Williams v. Holland,* 25 Eng. C.L.R. 50, and *Percival v. Hickey,* 18 John R. 257, besides others, recognizing the principle that where an act, though not wilful, is the result of negligence and the immediate and direct cause of an injury, trespass *vi et armis* will lie; and that trespass on the case will also lie, though the act be violent and the injury immediate, unless wilful, if occasioned by the carelessness or negligence of the defendant.

In the instant case, the due administration of justice does not require exclusion of the action of trespass. The action of the defendant, as alleged by plaintiff, would, if found to be negligent, constitute the immediate and direct cause of the injury claimed. The merits of the action would be the same under either form of action. No sound reason exists to search for a technical distinction.

Third. The direct-indirect distinction between trespass and case is "now rejected by most courts, and would appear to be slowly on its way to oblivion." Prosser, Torts § 13, p. 66 (3d ed.). Restatement, Torts §§ 158, 165, has abandoned the distinction, and now regards any tortious intrusion of foreign matter onto the property of another as a trespass.

The common law, along with its forms of action, has long been recognized as capable of growth and expansion in keeping with the necessities of modern society. The writings of Chitty and Coke have long been absent from the library shelves of most practicing attorneys, and, if for no other

reason, the fine, though oftentimes indiscernible distinctions, between the ancient writs of trespass and trespass on the case should not be unduly preserved in aid of a statute of limitations. The proper rule should now be as enunciated in Restatement, Torts § 165, p. 390:

One who recklessly or negligently, or as a result of an extra hazardous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor thereof or to a thing or a third person in whose security the possessor has a legally protected interest.

Under this test, plaintiff alleged an action for negligent trespass upon real property.

For the reasons stated, we conclude this action should be governed by the 3-year statute of limitations.

The judgment of the superior court is therefore reversed and the cause is remanded to permit plaintiff to proceed with his action.

DONWORTH, WEAVER, and OTT, JJ., and JOHNSON, J. Pro Tem., concur.