# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ED SCHUMACHER, | No. 53226-3-II |
| Appellant, | |
| v. | |
| CITY OF ABERDEEN, a Washington State municipal corporation; DOE DEFENDANTS I through V, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — Ed Schumacher appeals an order granting summary judgment dismissal of his lawsuit against the City of Aberdeen. More than two years after a landslide affected Schumacher's real property, Schumacher filed a lawsuit against the City, claiming that the City damaged his real property. The City moved for summary judgment dismissal based on the statute of limitations. The trial court ruled that a two-year statute of limitations applied, and granted the City's motion on that basis.

On appeal, Schumacher argues that (1) the trial court erred by applying a two-year statute of limitations to his claim for negligent injury to real property, (2) his complaint alleged a cause of action for loss of lateral support which is subject to a three-year statute of limitations, and (3) genuine issues of material fact preclude summary judgment. The City argues that Schumacher failed to raise his claim of loss of lateral support at the trial court.

We hold that the trial court did not err when applying a two-year statute of limitations to his claim for negligent injury to real property. However, we hold that Schumacher alleged a

claim for loss of lateral support and that material issues of fact preclude dismissal of this claim.
Thus, we reverse the summary judgment dismissal of Schumacher's claim for loss of lateral
support and remand to the trial court for further proceedings.

## FACTS

Schumacher's house sat at the top of a hill. The City's pipe trench water line ran along
the foot of the hill. The pipeline ran downhill from the City's reservoir and then began to go
uphill after reaching a low point in the area below Schumacher's house.

On the morning of January 5, 2015, a landslide occurred below Schumacher's house,
removing 20 to 30 feet of the hillside near his house. The landslide removed soil which
supported part of Schumacher's house. City employees advised Schumacher to vacate his house
immediately.

On March 1, 2018, Schumacher filed a lawsuit against the City of Aberdeen. His
complaint alleged:

> There was erosion in Plaintiff's yard and the footings of his Home were also
> exposed and damaged. Plaintiff's Home was declared unsafe, forcing him to leave
> it. The Home is unmarketable in its present condition. Initially, the cause of the
> damage was not known, other than the hillside collapsing and rains around the time
> of the loss. . . .
> . . . Around October 2015, it was determined that the City of Aberdeen's
> storm line contributed to or caused the failure of the slope, which damaged
> Plaintiff's home and real property.

Clerk's Papers (CP) at 1-2. Schumacher did not subsequently amend his complaint.

The City filed a motion for summary judgment dismissal, arguing that the statute of
limitations expired on Schumacher's claim of negligent injury to real property and that
Schumacher failed to prove his negligence claim. In support of its motion, the City submitted a
declaration of the water systems manager. The water systems manager declared that the January

5, 2015 landslide occurred shortly before the City's water line break. The City also submitted evidence of an unusually large amount of rainfall over January 4 and January 5, 2015.

Schumacher's response claimed that the City's water main break caused the slope to collapse which removed "lateral support" from his property. CP at 23. Schumacher also noted the principle of law that a municipality can be liable for damages resulting from the loss of lateral support.

Regarding causation, Schumacher submitted the declaration of Dr. J. Vincent McClure, a geotechnical and structural engineer. McClure concluded that the shape of the landslide traced back to two points on the water main line. Based on the aging pipes and loose soil around them, he concluded that water and loss of ground support were the likely causes of the landslide. McClure concluded that the water came from leaking pipe joints and a split cast iron pipe, as opposed to mere rainfall. The water weakened the soil and caused the landslide event. McClure concluded that the City's water system malfunction contributed to the landslide.

The trial court granted the City's motion for summary judgment based solely on the statute of limitations. Schumacher appeals.

ANALYSIS

I. STATUTE OF LIMITATIONS

Schumacher argues that his claim for negligent injury to real property is subject to the three-year statute of limitations in RCW 4.16.080(2). We disagree and hold that the two-year statute of limitations in RCW 4.16.130 applies to this claim.

A. *Legal Principles*

We review a motion for summary judgment de novo. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We view all evidence in a light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Where reasonable minds could reach but one conclusion from the admissible facts, summary judgment should be granted. *Elliott Bay Seafoods, Inc. v. Port of Seattle*, 124 Wn. App. 5, 11 n.2, 98 P.3d 491 (2004).

The factual allegations in a complaint determine the applicable statute of limitations. *Boyles v. City of Kennewick*, 62 Wn. App. 174, 177, 813 P.2d 178 (1991). Relevant here, a three-year statute of limitations applies to "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated." RCW 4.16.080(2). A two-year statute of limitations applies to "[a]n action for relief not hereinbefore provided for." RCW 4.16.130. This court reviews questions of statutory interpretation de novo. *Pendergrast v. Matichuk*, 186 Wn.2d 556, 568, 379 P.3d 96 (2016).

B. *Trespass and Negligent Injury to Real Property Causes of Action*

Schumacher argues that under *Zimmer* and *Stenberg*, RCW 4.16.080's three-year statute of limitations applies to any action for damage to real property, regardless of whether the claim is trespass or negligent injury. *See Zimmer v. Stephenson*, 66 Wn.2d 477, 481-83, 403 P.2d 343 (1965); *Stenberg v. Pac. Power & Light*, 104 Wn.2d 710, 719-21, 709 P.2d 793 (1985). We disagree.

Schumacher bases much of his argument on the notion that our Supreme Court has eliminated the distinction between two types of trespass. As background, trespass was once classified into two types: trespass on the case and trespass *vi et armis*. *Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 596, 278 P.3d 157 (2012). Trespass *vi et armis* was often referred to simply as trespass, and was considered "direct," causing immediate injury to another's person or property. *Jongeward*, 174 Wn.2d at 596. Trespass on the case was an act that was neither immediately injurious nor a culpable omission. *Jongeward*, 174 Wn.2d at 596. In other words, trespass *vi et armis* resulted in a direct injury and trespass on the case resulted in an indirect injury. The differences were often litigated, because the two types of trespass were subject to different statutes of limitation. *Jongeward*, 174 Wn.2d at 597.

In 1965, our Supreme Court eliminated the distinction between trespass *vi et armis* and trespass on the case for the purpose of the applicable statute of limitations. *Zimmer*, 66 Wn.2d at 482-83. The Court in *Stenberg*, reiterated the elimination of the direct/indirect distinction. *Stenberg*, 104 Wn.2d at 715, 721.

But cases discussing elimination of this distinction do not apply here. This is because Schumacher did not make a claim for trespass, and because the claim he did make—negligence action for injury to real property—remains a separate and distinct cause of action. *Wallace v. Lewis County*, 134 Wn. App. 1, 13 n.8, 137 P.3d 101 (2006). As *Wallace* makes clear, "[n]egligent injury to property, nuisance, and trespass are distinct causes of action. Accordingly, different statutes of limitation apply." *Wallace*, 134 Wn. App. at 13 n.8.

No. 53226-3-II

Our Supreme Court, in *White v. King County*, 103 Wash. 327, 329, 174 P. 3 (1918)[1] held

that a cause of action for negligent injury to real property was subject to the two-year statute of

limitations. This court has followed this precedent and has continuously held that a cause of

action for negligent injury to real property is subject to the two-year statute of limitations in

RCW 4.16.130. *See, e.g.*, *Nichols v. Peterson NW, Inc.*, 197 Wn. App. 491, 501 n.6, 389 P.3d

617 (2016); *Wolfe v. Dep't of Transp.*, 173 Wn. App. 302, 305-06, 293 P.3d 1244 (2013);

*Wallace*, 134 Wn. App. at 13; *Will v. Frontier Contractors, Inc.*, 121 Wn. App. 119, 125, 89

P.3d 242 (2004); *Mayer v. City of Seattle*, 102 Wn. App. 66, 75, 10 P.3d 408 (2000).[2] This court

in *Nichols* succinctly clarified that negligence claims for *personal injury* are subject to a three-

year statute of limitations under RCW 4.16.080(2), but negligence claims for injury to *real*

*property* are subject to a two-year statute of limitations under RCW 4.16.130. *Nichols*, 197 Wn.

App. at 501 n.6. We do not abandon that precedent now.

Here, Schumacher's claim that he suffered an injury to his real property as a result of the

City's pipeline is a claim for negligent injury to real property. As a result, Schumacher's claim

was subject to the two-year statute of limitations in RCW 4.16.130. We therefore hold that the

trial court did not err when granting the City's motion for summary judgment because

---

[1] The *White* court cited Rem. 1915 Code § 165, which was later codified as RCW 4.16.130.

[2] Two recent unpublished cases from this court are also in accord. *Lange v. Cebelak*, No. 45726-1-II, (Wash. Ct. App. June 30, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/457261.pdf.; *Ruth 2, LLC v. Sound Transit*, No. 50458-8-II, (Wash. Ct. App. Sept. 11, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/504588.pdf.

No. 53226-3-II

Schumacher's claim for negligent injury to real property was subject to the two-year statute of limitations in RCW 4.16.130.

## II. LOSS OF LATERAL SUPPORT

Schumacher also argues that he alleged a claim for loss of lateral support in his complaint which is subject to the three-year statute of limitations. The City argues that because Schumacher's complaint did not plead loss of lateral support, he cannot assert this argument for the first time on appeal.

The City makes two, related arguments here. The first is whether Schumacher is raising an issue for the first time on appeal, and the second is whether his complaint stated a claim for loss of lateral support. We consider Schumacher's argument and hold that his complaint sufficiently stated a claim for loss of lateral support.

A.      *Loss of Lateral Support Subject to a Three-Year Statute of Limitations*

Landowners have a duty to provide lateral support, and an adjoining landowner may bring a cause of action for damages if the loss of lateral support results in damages. *Bay v. Hein*, 9 Wn. App. 774, 776-77, 515 P.2d 536 (1973). The right to lateral support is not merely a common law right, but stems from the constitutional right that prohibits the taking or damaging of real property for public or private use without just compensation. *Bay*, 9 Wn. App. at 776-77; WASH. CONST. art. I, §16.

A cause of action for the loss of lateral support is subject to a three-year statute of limitations. *Marshall v. Whatcom County*, 143 Wash. 506, 507, 255 P. 654 (1927). A cause of action for the loss of lateral support does not sound in tort. *Marshall*, 143 Wn. at 506; *Wong Kee Jun v. City of Seattle*, 143 Wash. 479, 486, 255 P. 645 (1927). Rather, the action sounds in

7

contract, as an implied contract based on article I, section 16 of the Washington Constitution. As a result, the applicable statute of limitations is RCW 4.16.080(3), which is three years. *Gillam v. City of Centralia*, 14 Wn.2d 523, 525-29, 128 P.2d 661 (1942).

B.      *Issue Called to the Attention of the Trial Court*

Regarding whether this issue was raised in the trial court, we look to RAP 9.12 and RAP 2.5(a). "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. We may refuse to consider an argument raised for the first time on appeal. RAP 2.5(a).

Here, Schumacher's claim regarding loss of lateral support was called to the attention of the trial court. Schumacher's complaint detailed that, as a result of the landslide below his property, the City caused erosion in his yard and the footings of his home were exposed and damaged. In his response to the City's motion, Schumacher claimed the City's water main broke, causing the slope to collapse which removed "lateral support" from his property. CP at 23. Schumacher also noted the principle of law that a municipality can be liable for damages resulting from the loss of lateral support. Although Schumacher did not explicitly list loss of lateral support as a separate claim, the facts alleged in his complaint and his subsequent references to lateral support called this issue to the attention of the trial court. Thus, we address whether Schumacher's complaint supports a claim for loss of lateral support.

C.      *Claim Raised in the Complaint*

Washington employs liberal notice pleading rules intended to facilitate the consideration of claims having a legal basis. *State v. LG Elecs., Inc.*, 186 Wn.2d 169, 183, 375 P.3d 1035

(2016). CR 8(a)(1) provides that a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *State v. LG Elecs.*, 186 Wn.2d at 183. The complaint is sufficient if it gives notice to the court and the opponent of the nature of the plaintiff's claim. *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 352, 144 P.3d 276 (2006). This court liberally construes pleadings to do substantial justice, and parties may clarify initial pleadings in the course of summary judgment proceedings. *Karstetter v. King County Corr. Guild*, 193 Wn.2d 672, 686, 444 P.3d 1185 (2019).

Here, the facts of Schumacher's complaint adequately stated a claim for loss of lateral support. Schumacher alleged that the City caused erosion in his yard and the footings of his home were exposed and damaged, rendering his home unsafe and unmarketable. The complaint alleges that the cause of the landslide was the City's storm line which contributed to or caused the failure of the slope. Thus, the failed storm line damaged Schumacher's property in such a manner that it negatively impacted the land's lateral support. These facts support a claim for the loss of lateral support and provided notice to the court and to the City of this claim. *Champagne v. Thurston County*, 163 Wn.2d 69, 84, 178 P.3d 936 (2008). Accordingly, we hold that Schumacher's complaint sufficiently stated a claim for loss of lateral support.

### III. MATERIAL ISSUES OF FACT

Schumacher argues that genuine issues of material fact preclude summary judgment on his lateral support claim. We agree.

We review a motion for summary judgment de novo. *Lakey*, 176 Wn.2d at 922. We view all evidence in the light most favorable to the nonmoving party. *Keck*, 184 Wn.2d at 370. Summary judgment is appropriate when there are no genuine issues of material fact and the

moving party is entitled to judgment as a matter of law. CR 56(c). Where reasonable minds could draw different conclusions from the admissible facts, summary judgment is not appropriate. *Elliott Bay Seafoods*, 124 Wn. App. at 12 n.2.

Schumacher claimed that the City's water main break caused the slope to collapse and removed "lateral support" from his property. CP at 23. In support of this claim, Schumacher submitted the declaration and expert testimony of Dr. McClure, a geotechnical and structural engineer, who concluded that a malfunction in the City's water system contributed to the landslide. McClure traced the shape of the landslide to two points on the water line. He concluded that the water which contributed to the loss of ground support came from aging pipes, leaking joints, and a split cast iron pipe. The City relied on the declaration of its waters systems manager, who declared the landslide occurred shortly before the City's water main break. The City also submitted evidence of unusually heavy rainfall during the time of the landslide. This evidence raises an issue of material fact. Accordingly, summary judgment was not appropriate.

CONCLUSION

Schumacher's claim for negligent injury to real property was barred by the two-year statute of limitations in RCW 4.16.130. However, he also pleaded a timely claim for loss of lateral support. In that claim he raised genuine issues of material fact. Thus, we hold that the trial court erred by granting the City's motion for summary judgment because Schumacher's complaint alleged a loss of lateral support, a cause of action subject to a three-year statute of

limitations. And on that claim, genuine issues of material fact exist. Accordingly, we reverse the order granting summary judgment, and we remand to the trial court for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

_____
Melnick, J.

_____
Cruser, J.